IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALERIE BUCKMINSTER, Personal Representative of the estate of John F. Cowles,<br><br>        Plaintiff,<br><br>   v.<br><br>PRUDENTIAL FINANCIAL INC., f/k/a Prudential Insurance Company of America,<br><br>        Defendant. | 8:07CV133<br><br>ORDER |

This matter is before the court on the plaintiff's Motion to Compel Discovery and for Attorney Fees and Costs (Filing No. 20). The plaintiff filed a brief (Filing No. 21) and an index of evidence (Filing No. 22) in support of the motion. The defendant responded by filing the defendant's Motion for Protective Order (Filing No. 23). The defendant filed a brief (Filing No. 25) and an index of evidence (Filing No. 24) in support of its motion. The plaintiff filed a reply brief (Filing No. 28).

## BACKGROUND

The plaintiff brings this action for breach of contract after the defendant refused to pay death benefits to the Estate of John F. Cowles. **See** Filing No. 1, Ex. 2 - Complaint. The following facts are alleged in the complaint. Mr. Cowles participated in a group life insurance plan offered by his former employer (the Plan). At the time of his death on March 7, 2004, Mr. Cowles was eligible to receive certain death benefits. The parties dispute who the beneficiary was under the Plan. The defendant changed the beneficiary based on a form dated January 30, 2003. The plaintiff disputes whether the January 30, 2003 form was valid. The plaintiff contends the claims alleged sound as breach of contract and/or negligence. **See** Filing No. 21 - Brief p. 6. However, the defendant removed this action from state court on the basis that the claims fall under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. **See** Filing No. 1.

On July 30, 2007, the plaintiff served the defendant with a set of interrogatories and a set of requests for production of documents. **See** Filing No. 22 - Exs. 1-2. On September 27, 2007, the defendant served responses to the discovery requests. **See *id.*** Exs. 3-4. The defendant objected to many of the discovery requests claiming among other things that the present case is "an ERISA denial of benefits claim where the Plan Administrator has discretionary authority (as the Plan Administrator does here), the Court's review is limited to the record at the time of the denial and the claim at issue is all that is relevant." *Id.* The defendant cited **Maune v. IBEW, Local #1, Health & Welfare Plan**, 83 F.3d 959, 963 (8th Cir. 1996). *Id.*

The plaintiff argues the requested discovery is relevant to either the plaintiff's claims or the defendant's defenses. Specifically, the plaintiff asserts discovery related to the reasons why the defendant paid benefits pursuant to an allegedly invalid change of beneficiary form is relevant to the plaintiff's claim of negligence. The plaintiff asserts the remaining discovery is relevant to the defendant's defense that the plaintiff failed to name a necessary party and the damages were caused by the actions or omissions of a third party.

The defendant denies the requested discovery is relevant. The defendant contends the plaintiff's breach of contract and negligence claims are pre-empted by ERISA. Further, the defendant argues no discovery is allowed in an ERISA action beyond the administrative record. **See** Filing No. 25 - Brief p. 2. The defendant relies, in part, on the fact the plaintiff did not challenge removal of this action. For these reasons, the defendant filed a motion for protective order to limit discovery to the administrative record already produced. Counsel for the parties conferred, but were unable to resolve their dispute without the court's involvement.

## ANALYSIS

The court cannot and will not determine, in the context of a discovery motion, whether any of the plaintiff's claims are preempted by ERISA. However, the court will determine whether the discovery requests are "relevant to the claim or defense of any party," pursuant to Federal Rule of Civil Procedure 26(b).

It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. **Burnett v. Western Res. Inc.**, CIV. A. No. 95-2145-EEO, 1996 WL 134830, at *4 (D. Kan. Mar. 21, 1996). If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant. *Id.* The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. **St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.**, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting discovery must show specifically how . . . each interrogatory [request for production or request for admission] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See Wagner v. Dryvit Sys., Inc.**, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See** *id.*

However, a threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. **Hofer v. Mack Trucks, Inc.**, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See Cervantes v. Time, Inc.**, 464 F.2d 986, 994 (8th Cir. 1972).

Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or

3

may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See *Marker v. Union Fidelity Life Ins. Co.*,** 125 F.R.D. 121 (M.D.N.C. 1989); ***Morse Diesel, Inc. v. Fidelity & Deposit Co.***, 122 F.R.D. 447 (S.D.N.Y. 1988). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." ***Hickman v. Taylor***, 329 U.S. 495, 507 (1947). "To assess relevance in a given case, the court must view the matter in light of the specific claims and defenses asserted by the parties." ***Fletcher v. Atex, Inc.***, 156 F.R.D. 45, 48 (S.D.N.Y. 1994) (citations omitted). "Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." ***Oppenheimer Fund***, 437 U.S. at 351-52 (internal footnotes omitted); ***Lewis v. ACB Bus. Servs., Inc.***, 135 F.3d 389, 402 (6th Cir. 1998). The court "enjoys considerable discretion over discovery matters" and may limit the scope of discovery, if it has a good reason to do so. ***Burlington Ins. Co. v. Okie Dokie, Inc.***, 368 F. Supp. 2d 83, 86 (D. D.C. 2005); **see *Credit Lyonnais v. SGC Int'l, Inc.*,** 160 F.3d 428, 431 (8th Cir. 1998).

The court finds the discovery sought is related to the claims and issues raised in the plaintiff's complaint and the defendant's answer. Although discovery in an ERISA action is typically limited, there has been no determination in this case that ERISA preempts the plaintiff's original claims. Additionally, it is possible, even in the event ERISA does preempt the plaintiff's claims, the court may determine it is necessary to look beyond the administrative record "where the validity of a plan document itself is in question." **See *Tinsley v. General Motors Corp.***, 227 F.3d 700, 704 n.1 (6th Cir. 2000). Accordingly, the plaintiff's motion to compel will be granted and the defendant's motion for a protective order will be denied. Under the circumstances, the court concludes the defendant's position was substantially justified, thus no award of sanctions is warranted. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Compel Discovery and for Attorney Fees and Costs (Filing No. 20) is granted.

2. The defendant's Motion for Protective Order (Filing No. 23) is denied.

3. The defendant shall have to **on or before March 24, 2008**, to supplement the responses to the plaintiff's discovery requests.

Dated this 3rd day of March, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge