IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALERIE BUCKMINSTER, Personal Representative of the Estate of John F. Cowles,<br><br>        Plaintiff,<br><br>      v.<br><br>PRUDENTIAL FINANCIAL, INC.,<br><br>        Defendant. | 8:07CV133<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Filing No. 32. Plaintiff Valerie Buckminster, in her capacity as personal representative for the Estate of John F. Cowles ("plaintiff"), initially filed this case in Richardson County, Nebraska. Defendant filed a notice of removal to federal court pursuant to 28 U.S.C. § 1446. According to defendant, this case involves the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. Defendant asks this court to dismiss the breach of contract and negligence claims. The court has carefully reviewed the record, briefs, and relevant caselaw and concludes defendant's motion should be granted.

John F. Cowles participated in a group life insurance program ("Plan") through his employer New Valley Corporation f/k/a Western Union Corporation and insured by the defendant Prudential. The Plan is an employee welfare benefit plan and provided for term life insurance coverage for retired and disabled employees. John F. Cowles died on March 7, 2004. At the time of Cowles death, his beneficiary was entitled to receive death benefits. On or about January 30, 2003, a change of beneficiary form was submitted to

Prudential changing the beneficiary to Catherine A. Sharbaugh. The personal representative, the plaintiff in this case, contends that the change of beneficiary form was not executed by Cowles and had no force and effect at the time of death and that the life insurance proceeds should go to the estate. Plaintiff states that as of January 30, 2003, the Estate of John F. Cowles was entitled to the death benefits in the amount of $18,300.00. Plaintiff has demanded payment of benefits, but defendant has refused to pay them. Plaintiff also requests attorney fees pursuant to Neb. Rev. Stat. § 44-359. Defendant contends at the time of John Cowles's death, the beneficiary was Catherine A. Sharbaugh. Defendant paid the death benefits to Catherine A. Sharbaugh.

Defendant filed a motion for summary judgment contending that plaintiff's state law claims for negligence and breach of contract arise out of the ERISA claim, and consequently, those claims must be dismissed as a matter of law. According to the defendant, the Plan meets all statutory requirements set forth in 29 U.S.C. § 1003(a) which covers employees under a benefit plan. Such plans encompass "employee welfare benefit plans" which include "any plan established or maintained by an employer . . . for the purpose of providing participants or beneficiaries . . . benefits in the event of . . . death." 29 U.S.C. § 1002(1). The Eighth Circuit has held that an ERISA plan is established "when a reasonable person can ascertain (1) the intended benefits, (2) the class of beneficiaries, (3) a source of funding, and (4) the procedures for receiving benefits." *Johnson v. Lend Lease Real Estate Investment*, 467 F.3d 1131, 1132 (8th Cir. 2006), *citing Petersen v. E.F. Johnson Company,* 366 F.3d 676, 678 (8th Cir. 2004). According to the defendant, the Plan in this case names the intended benefits provided, indicates that the beneficiaries are the former employees of New Valley Corporation, states that the insurance for the Plan is with Prudential, and explains the process to qualify for and claim benefits. (Filing No. 24,

Affidavit of Edith Ewing at Ex. A pp. PRU/BUCKMINSTER 0069-0075). Further, the Plan also has a section with a statement of ERISA rights. (*Id.* at pp. PRU/BUCKMINSTER 0074-0075).

Plaintiff claims that on or about March 18, 2005, plaintiff's attorney sent a letter to the defendant disputing the signature on the change of beneficiary form dated January 30, 2003. Filing No. 24, Affidavit of Natalie Schneiderheit, Ex. A. p. 0004. Plaintiff asked for a signature comparison and demanded the life insurance proceeds. *Id*. at 0004, 005, 0029, and 0032-34. Defendant sent a letter on April 7, 2005, stating that a claim for benefits was received on April 3, 2004, that the claim was approved for payment on April 7, 2004, and the benefits were paid in accordance with the claim for benefits.

Plaintiff also contends that the state law claims are valid. In support, plaintiff argues that this court must determine: (1) if plaintiff has standing to bring the claim; (2) if the subject matter is under ERISA; and (3) if the claim can be resolved without reference to the Plan language. *Clark v. Ameritas Investment Corp.*, 408 F. Supp.2d 819, 830 (D. Neb. 2005) citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996). With regard to the first element, plaintiff asserts it did not have standing to sue under ERISA at the time of fling of the lawsuit in state court. Benefits under the Plan were paid to the beneficiary on April 7, 2004. Plaintiff filed the state lawsuit on March 8, 2007. Plaintiff argues, therefore, that it did not have standing under ERISA. and did not meet the definition of beneficiary under ERISA as required by 29 U.S.C. § 1132(a) (civil action may be brought by a participant or beneficiary- (1)(B) - to recover benefits due to him under the terms of his plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan).

3

Second, the plaintiff argues the subject matter of this lawsuit does not fall within the scope of ERISA. Plaintiff argues that this is a dispute between claimants to insurance proceeds, and does not involve the nature of the benefits. Plaintiff is not disagreeing with the terms of the Plan, but is suing for the alleged negligence of the defendant in paying the wrong beneficiary. Plaintiff contends that because it does not have standing under ERISA, this case must be remanded to the state court.

The issue before the court is whether ERISA preempts the state law claims for breach of contract and negligence and should be dismissed as a matter of law. The law clearly provides that ERISA will "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a). The Eighth Circuit interprets the words "relate to" in a broad manner. *Shea v. Esensten*, 107 F.3d 625, 627 (8th Cir. 1997); *Brewer v. Lincoln National Life Ins. Co.*, 921 F.2d 150, 153 (8th Cir. 1990). The Supreme Court has held that common law contract and tort actions are preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987). The Supreme Court further held that the remedies were intended to be exclusive. *Id*. at 54. The Sixth Circuit has specifically found a question that "concerns the legitimacy of the beneficiary designation" is covered under ERISA. *Tinsley v. General Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000); *see also Parkman v. Prudential Insurance Co. of America*, 439 F.3d 767, 771 (8th Cir. 2006) (ERISA preempts state common law tort and contract actions asserting improper processing of benefits).

Section 502 of ERISA, 29 U.S.C. § 1132(a)(1)(B) provides, in pertinent part, "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan. . . ." A "beneficiary" is defined as a person "designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to

4

a benefit thereunder." 29 U.S.C. § 1002(8). A number of courts have held that an estate has standing to sue for a denial of life insurance benefits under ERISA. *Geissal v. Moore Medical Corp.*, 338 F.3d 926, 931 (8th Cir. 2003); *Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 248 (3rd Cir. 2002). Additionally, Mr. Cowles's estate is identified in the Plan as one of a list of possible beneficiaries. (*See* Filing No. 24, Affidavit of Edith Ewing at Ex. A, p. PRU/BUCKMINSTER 006). The court finds that Mr. Cowles's life insurance policy is covered under ERISA; that the estate is a potential beneficiary under that policy; and thus, the estate has standing to sue under ERISA. The court will no doubt be required to review the terms of the Plan to determine who is entitled to benefits. *See Alliant Techsystems, Inc. v. Marks*, 465 F.3d 864, 872 (8th Cir. 2006) (court must "look to the plain meaning of the plan documents to determine beneficiary."). Accordingly, the court finds the claims for breach of contract and negligence are preempted under ERISA; the court concludes the plaintiff has standing to bring this lawsuit; and the court determines that this lawsuit is within the scope of ERISA.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for summary judgment, Filing No. 32, is granted;

2. Plaintiff shall have 30 days from the date of this order to amend her complaint to set forth her claims under ERISA; and

3. The state law claims for negligence and breach of contract are dismissed.

DATED this 29th day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge