IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALERIE BUCKMINSTER, Personal Representative of the Estate of John F. Cowles,<br><br>Plaintiff,<br><br>v.<br><br>PRUDENTIAL FINANCIAL, INC.,<br><br>Defendant. | 8:07CV133<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's motion for summary judgment. Filing No. 47, and on plaintiff's objection to defendant's offer of evidence, Filing No. 52. In a previous order, this court held that plaintiff's claims were preempted by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Filing No. 41. Plaintiff was granted leave to file an Amended Complaint under ERISA. *Id.*

In her amended complaint, plaintiff alleges breach of fiduciary duty in connection with a claim for life insurance under an employee benefit plan administered by Prudential. Filing No. 42. Defendant's motion for summary judgment is premised on the assertion that the amended complaint fails to state a claim for relief as a matter of law. Defendant argues that the plaintiff cannot maintain an action for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) and has failed to allege a claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). In response, plaintiff seeks leave to amend her complaint to add a denial of benefits claim. In support of the motion, defendant again submits the evidence submitted with its earlier motion for summary judgment on the preemption issue. Plaintiff objects to the defendant's offer of evidence, contending that it is irrelevant.

The federal rule that governs pleadings requires only that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "short and plain statement must provide 'fair notice of the plaintiff's claim and grounds for relief.'" Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (quoting Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir.1994)). Furthermore, a court should construe the complaint liberally in the light most favorable to the plaintiff. Eckert, 514 F.3d at 806. To provide fair notice of an ERISA claim, a plaintiff is required to provide sufficient notice that he or she is seeking relief or making a claim based on ERISA. Eckert, 514 F.3d at 807.

Defendant's contention relates to the type of remedy available to the plaintiff and not to stating an ERISA claim. ERISA expressly provides a cause of action to a plan participant or beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). A plan administrator acts in a fiduciary capacity in making benefits decisions, and ERISA provides a distinct cause of action for "other appropriate equitable relief" to remedy a breach of ERISA fiduciary duties. 29 U.S.C. § 1132(a)(3). "Where Congress elsewhere provides adequate relief for a beneficiary's injury [such as an action for wrongful denial of benefits under § 1132(a)(1)(B)], there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Delcastillo v. Odyssey Res. Mgm't, Inc., 431 F.3d 1124, 1130 (8th Cir. 2005). Only equitable relief, not money damages, may be awarded under § 1132(a)(3). Id.

The court finds that the plaintiff's complaint, liberally construed, states a claim for denial of benefits under ERISA. The allegations of the complaint clearly relate to a denial of benefits and the plaintiff's failure to cite to the provision of the United States Code that provides a cause of action for such denial is not fatal to her claim. Allowing amendment

of the complaint to correct the deficiency would needlessly prolong this litigation. In its brief, Prudential "does not contest that it may have been acting as a fiduciary in this instance," but denies wrongdoing. Filing No. 48, Defendant's brief at 7. It is clear that the defendant has been aware of the nature of plaintiff's claim from the outset. The defendant removed this case to federal court and moved to dismiss plaintiff's state law claims as preempted by ERISA. Any further refinement of the parties' claims and defenses can be accomplished through discovery and in the pretrial order, which supersedes the pleadings. *See* *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 499 (8th Cir. 2004). The court agrees with the plaintiff that the defendant's evidentiary submissions are not relevant to resolution of these issues. Accordingly,

IT IS ORDERED:

1. Defendant's motion for summary judgment (Filing No. 47) is denied.

2. Plaintiff's objection to the defendant's evidentiary submission (Filing No. 52) is sustained.

3. Within 10 days of the date of this order, counsel for the plaintiff shall arrange and initiate a telephone conference with counsel for the defendant and United States Magistrate Judge Thomas D. Thalken for the purpose of progression of the case.

DATED this 17th day of December, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge